JOHN H. and LYDIA M. FRETWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fretwell v. Commissioner
Docket No. 4057-77.
United States Tax Court
T.C. Memo 1979-10; 1979 Tax Ct. Memo LEXIS 517; 38 T.C.M. (CCH) 27; T.C.M. (RIA) 79010; January 4, 1979, Filed *517 Held, petitioners not entitled to any deductions for home office expenses or social club dues in 1973 and 1974. Richard Lee Primus, for the petitioners. Rick K. Budd, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies of $ 2,627.17 and $ 2,688.54 in petitioners' 1973 and 1974 Federal income taxes. After petitioners' *518 concessions, the two remaining issues are whether they are entitled under section 162(a) [1] to a home office expense deduction of $ 4,200 in 1973 and 1974 and whether the substantiation requirements of section 274(d) prohibits their deduction of $ 912 in 1973 and 1974 for social club dues. FINDINGS OF FACT Some facts were stipulated and are found accordingly. John (hereinafter petitioner) and Lydia Fretwell, husband and wife, resided in Minneapolis, Minnesota, when they filed their 1973 and 1974 joint Federal income tax returns with the office of the Internal Revenue Service at Ogden, Utah, and when they filed their petition in this case. Petitioner operated Associated Brokerage Company (hereinafter Associated), a sole proprietorship engaged in the food brokerage business. In 1973, petitioner's illness caused Associated to cease most of its business activity. During 1974, Associated had no sales. During 1973 and 1974, Associated maintained an office near petitioner's home which he visited daily. In addition, petitioner utilized part of his home for an additional office. Although petitioner *519 maintained some of Associated's records in his home office and used it for other limited business activity, the home office was used extensively for personal family matters and in connection with accommodating and entertaining overnight business guests. Associated's sales personnel, employees, and customers normally would not come to the home office for business. In 1973 and 1974, petitioners deducted $ 4,200 each year for rental expense for the home office. No such rent was actually paid and petitioners did not report any rent income in those years. Petitioners maintained no records reflecting the business use of the home office. Respondent disallowed the entire deduction in each year on the grounds that it did not qualify as a rental expense or as a home office expense. Petitioners were members of two Minneapolis social clubs. Their dues were $ 912 in both 1973 and 1974. Petitioners maintained the memberships in the years in issue so that if Associated resumed an active business status, they would not incur the expense of rejoining. Petitioners entertained both personal and business friends at the clubs but they did not maintain records to establish business use. Petitioners *520 deducted the full amount of the dues on their 1973 and 1974 returns. Respondent disallowed the deductions on the grounds that they satisfied neither section 162 nor 274(d). OPINION We must first determine whether petitioners are entitled to a deduction of $ 4,200 in 1973 and 1974 for an office in their home. Petitioners contend that since they regularly used a portion of their home for business purposes, they are entitled to deduct expenses associated with that office. Respondent simply contends that no deduction is allowable on the basis of the record before us. We agree with respondent. In Sharon v. Commissioner,66 T.C. 515, 523 (1976), affd. per curiam     F. 2d     (9th Cir., Nov. 24, 1978,     AFTR 2d    , 78-2 USTC par. 9834), we held that home office expenses were nondeductible personal expenses where the occasional use of the home office was necessitated by the personal convenience, comfort or economy of the taxpayer. The only evidence in the record on the issue of the business necessity of the home office was the testimony of Mrs. Fretwell. Her testimony reflected that the home office was used for both personal and business *521 matters. In addition, she indicated that it was primarily used for business when business guests were entertained and invited to stay overnight. On the basis of the record before us, we find that petitioners have failed to show a portion of their residence constituted a place of business. Sharon v. Commissioner,supra;Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We so find because petitioner's use of the office was incidental and he had a suitable and accessible office near his home. On the basis of the record before us, we believe petitioner maintained an office in his home as a matter of personal convenience -- not business necessity. Petitioners made no credible showing that all Associated's business could not have been carried on in the office it provided near petitioners' home. This is particularly true since Associated ceased business operations in 1973. The second issue is whether petitioners are entitled to deduct their social club dues in 1973 and 1974. Section 274(d)(2) provides that no deduction shall be allowed for any entertainment expense unless the taxpayer substantiates *522 by adequate records or sufficient evidence corroborating his own statement the following elements of the expense: (a) amount, (b) time and place, (c) business purposes, and (d) the business relationship to the taxpayer of persons entertained. Section 1.274-5(c)(3), Income Tax Regs., provides that the substantiation requirements of section 274(d) are satisfied if the taxpayer establishes each element of the expenditure (a) by his own statement, whether written or oral, containing specific information in detail and (b) by other corroborative evidence sufficient to establish such element. The only evidence in the record relating to the above elements is the testimony of Mrs. Fretwell. Although her testimony was straight forward, it falls seriously short of establishing the elements of the section. She testified only very generally that business guests were entertained at the clubs. No specific dates, business purposes, or business relationships were provided to establish the precise business versus personal use of the clubs. Moreover, even if her testimony were more specific, petitioners did not corroborate that testimony as required by the statute and regulations. The statute is *523 specific and its provisions must be complied with. Accordingly, on the basis of the record before us, we find that petitioners are not entitled to any home office expense and social club dues deductions in 1973 and 1974. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩